**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Guangzhou Mibo Zhilian Technology Co., Ltd,<br><br>*Plaintiff*,<br><br>v.<br><br>Shenzhen Jing Hong Tech Co., Ltd,<br><br>*Defendant*. | **CASE NO.** 25-cv-5004<br><br>**Jury Demand** |

**COMPLAINT**

Plaintiff Guangzhou Mibo Zhilian Technology Co., Ltd. ("Plaintiff"), by and through its counsel, hereby files this Complaint against Defendant ShenZhen Jing Hong Tech Co., Ltd ("Defendant"), and alleges as follows:

**I. INTRODUCTION**

1. This is an action for design patent infringement in which Guangzhou Mibo Zhilian Technology Co., Ltd. accuses ShenZhen Jing Hong Tech Co., Ltd, doing business through its Amazon storefront "CLEASO" (Seller ID: A3JQMORNPVGQIR), of infringing United States Design Patent No. D1,006,260 (the "Patent-in-Suit") under 35 U.S.C. § 271.

**II. JURISDICTION AND VENUE**

2. This is an action for infringement of the Patent-in-Suit arising under 35 U.S.C. §§ 271(a), 281, and 284-85. This Court has original subject matter jurisdiction over this claim under 28 U.S.C. §§ 1331 and 1338.

3. Personal jurisdiction is proper because Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet

store operating under the Seller Alias, where Defendant offers to sell, and has sold and shipped Infringing Products to residents within the Northern District of Illinois. Thus, Defendant has purposefully availed themselves of the privilege of conducting business in the forum state or purposefully directed their patent infringement activities at the state; Plaintiff's injuries stem from the Defendant's forum-related activities of offering to sell, selling, and shipping Infringing Products to the forum-state; and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. As a result, Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

4. In addition, after service of summons, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2), where "a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Based on information found on Defendant's Infringing Product listings and based on the Seller Alias, Defendant is a foreign entity or individual not subject to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

5. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to the claim occur within this District, Defendant has committed acts of infringement in and has significant contacts within this District, and Defendant is directly targeting their business activities of offering to sell, selling, and shipping the Infringing Products to this District.

6. In addition, based on information found on Defendant's Infringing Product listings and based on the Seller Alias, Defendant is a foreign entity or individual, and "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

## III. FACTS

7. This action has been filed by Plaintiff to combat e-commerce store operators who have infringed upon Plaintiff's U.S. Design Patent No. D1,006,260 by offering for sale and/or selling unauthorized and unlicensed products that incorporate a design identical or substantially similar to Plaintiff's patented metal rod. **Exhibit A**.

8. Defendant operates an e-commerce store under the Seller Alias "CLEASO," through which it advertises, offers for sale, and sells unauthorized products that infringe the ornamental design protected by Plaintiff's U.S. Design Patent No. D1,006,260. Upon information and belief, Defendant uses tactics to obscure its true identity and the full scope of its operations, including operating under incomplete or fabricated seller information. These tactics are intended to avoid liability and hinder enforcement efforts. Plaintiff is forced to bring this action to combat Defendant's infringement of its patented metal rod design, to stop the unauthorized commercial exploitation of its patented intellectual property, and to protect consumers from unknowingly purchasing infringing goods. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm, including loss of market share, erosion of its design exclusivity, and damage to its business reputation. Plaintiff therefore seeks both injunctive and monetary relief.

9. Plaintiff is engaged in the business of developing, manufacturing, and selling metal rod.

10. Plaintiff places great value on its ever-growing intellectual property portfolio. Plaintiff prides itself on being able to innovate quickly, and regularly innovates new toy designs and protects those inventions with its intellectual property.

11. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting Plaintiff's Brand Products.

12. Plaintiff's products are promoted and sold through online markets such as Amazon and authorized retail partners.

## IV. THE PARTIES

13. Plaintiff is the owner of the Patent-in-Suit and sells products protected by the ornamental design of the Patent-in Suit on online platforms to U.S. customers. The Patent-in Suit is attached as **Exhibit A**.

14. Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the products covered by the Patent-in-Suit. Over time, Plaintiff has invested heavily in the products covered by the Patent-in-Suit.

15. Plaintiff's products protected by the Patent-in-Suit have become widely known from its distinctive design, and as such, Plaintiff's products protected by the Patent-in-Suit have become recognized by consumers as high quality products sourced from Plaintiff. Over time, Plaintiff's products protected by the Patent-in-Suit have become popular, resulting in seller aliases copying the ornamental design of the Patent-in-Suit.

16. Plaintiff became aware of a seller on an online platform who started to sell products virtually identical to the claimed Patent-in-Suit. Plaintiff filed this action to combat Defendant who is harming Plaintiff by offering to sell, selling, and shipping unlicensed products that infringe the Patent-in-Suit. **See Exhibit B.**

17. Plaintiff has not entered into a contract with or licensing agreement with Defendant for the Patent-in-Suit.

18. Defendant is an anonymous individual and/or entity who targets sales to Illinois residents by setting up and operating a "storefront" via an online retail website accepting U.S. Dollars that targets Illinois consumers by selling, offering to sell, and shipping products that infringe the Patent-in-Suit ("Infringing Products") to the United States, including Illinois.

19. Upon information and belief, Defendant resides and operates in the People's Republic of China or another foreign jurisdiction with lenient intellectual property enforcement systems or redistributes products from the same or similar sources in those locations. As a result, Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

20. Upon information and belief, Defendant either individually or jointly operates one or more e-commerce stores. Tactics used by Defendant to conceal their identity and the full scope of their operations make it virtually impossible for Plaintiff to learn Defendant's true identity and the scope of the infringing network operations.

21. At present, Defendant can only be identified through their storefront and other limited publicly available information. No credible information regarding Defendant's physical address is provided. Plaintiff will voluntarily amend its Complaint as needed if Defendant provides additional credible information regarding their identity and location.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT D1,006,260**

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23. Defendant, directly or through intermediaries, offers to sell, sells, and ships products which infringe the ornamental design of the Patent-in-Suit into the United States and Illinois. **See Exhibit B.**

24. Defendant is making, using, offering for sale, selling, and/or importing into the United States, and Illinois, for subsequent sale or use, Infringing Products that directly and/or indirectly infringe the ornamental design of the Patent-in-Suit. **See Exhibit B**.

25. Defendant's offering for sale, sales, and shipments of Infringing Products has caused and continues to cause Plaintiff to suffer irreparable harm through loss of Plaintiff's exclusive patent rights.

26. Defendant's offering for sale, sales, and shipments of Infringing Products into the United States was willful in nature, in part, based on Defendant's anonymity and virtually identical infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) A judgment in favor of Plaintiff that Defendant has infringed the Patent-in-Suit;

2) A temporary, preliminary, and permanent injunction enjoining Defendant and their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them from infringement of, inducing the infringement of, or contributing to the infringement of the Patent-in-Suit, or such other equitable relief the Court determines is warranted;

3) A judgment and order requiring Defendant to pay to Plaintiff their total profit, including damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patent-in-Suit as provided under 35 U.S.C. § 289, and an accounting of ongoing post-judgment infringement;

4) A judgment and order requiring Defendant to pay to Plaintiff a reasonable royalty for Defendant's infringement of the Patent-in-Suit, together with interest and costs, and that such amount found or assessed be increased three times as provided under 35 U.S.C. § 284;

5) A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award to Plaintiff the costs, expenses, and reasonable attorneys' fees incurred in this action;

6) That, upon Plaintiff's request, all in privity with Defendant and with notice of the Injunctive relief, including but not limited to any online marketplace platforms, such as Alibaba, AliExpress, Amazon, DH Gate, eBay, Newegg, Shopify, Wish, and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

a. cease providing services to Defendant, currently or in the future, to sell or offer for sale goods under the Patent-in-Suit;

b. cease displaying any advertisements in any form, connected or associated with Defendant in connection with the sale of infringing goods under the Patent-in-Suit; and

c. disable all links to the marketplace accounts identified on Schedule A from displaying in search results, including from any search index; and

7) Any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Date: May 6, 2025

/s/ Ruoting Men

Ruoting Men, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
ruoting.men@glacier.law
212-729-5049

***Attorney for Plaintiff***